1  MICHAEL K. PAZDERNIK
   ROBINSON DI LANDO
2  7801 Folsom Boulevard, Suite 325
   Sacramento, CA 95826
3  (916) 386-0743
   (916) 386-0687 Fax
4
   Attorneys for Plaintiff
5  Michael Baca

6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9  MICHAEL BACA,                          )
10                                         )
           Plaintiff,                      )   No. C 07-04694 JW
11                                         )
       vs.                                 )   INITIAL CASE MANAGEMENT
12                                         )   STATEMENT
                                           )
13 VETERANS ADMINISTRATION,                )   On calendar 2/11/08 at 10:00 a.m.
14 and DOES 1 to 100,                      )
                                           )
15                                         )
           Defendants.                     )
16                                         )
                                           )
17 ─────────────────────────────

18       Plaintiff MICHAEL BACA (hereinafter "plaintiff"), per Civil Local Rule 16-9, hereby
19 files this case management statement:
20       1. <u>Jurisdiction and Service:</u> *Basis for court's subject matter jurisdiction over plaintiff's*
21 *claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction*
22 *or venue, whether any parties remain to be served, and, if any parties remain to be served, a*
23 *proposed deadline for service.* **Response:** The subject matter of this court is based Veterans
24 Administrations ("VA") has denied such claim, requiring this action to be filed. Thus, a Federal
25 question is presented.
26       Defendant, Veteran's Administration (VA) still remains to be served. Initially, plaintiff's
27 counsel attempted to simply have Regional Counsel for the VA accept service. Many attempts to
28 contact Regional Counsel proved unfruitful and, therefore, plaintiff has had to resort to formal

                                           1
                         INITITAL CASE MANAGEMENT STATEMENT

1  service. Such service, per Rule 4(i), will be effectuated by January 11, 2008. Plaintiff's counsel
2  has just completed a two week trial and moved his office such that January 11, 2008 is earliest
3  that service can be effectuated. Such service should result in a response being due by March 1,
4  2008.
5  2. Facts: *A brief chronology of the facts and a statement of the principal factual issues in*
6  *dispute.* **Response:** Plaintiff claims pain and suffering due to the misdiagnosis and failure to
7  diagnose plaintiff's gall bladder condition and the years of being forced to deal with what he
8  deblieved was a terminal condition. Plaintiff also claims economic damages in the form of loss
9  of earning capacity, medical expenses which have not been paid by the VA, moving expenses,
10 and damages arising from the loss of plaintiff's home due to his inability to work due to the
11 misdiagnosis/failure to diagnose by the VA. Unfortunately, the earlier misdiagnosis and
12 treatment by the VA Palo Alto staff led Mr. Baca's new doctors to continue on with the
13 misdiagnosis of Mr. Baca's condition, and it was not until Mr. Baca presented at Feather River
14 Hospital in Butte County, California in March 2005 that it was discovered that Mr. Baca was
15 suffering from a gall bladder condition. It was at this time that Mr. Baca first learned that his
16 pain, for which he had presented several years earlier to the VA Palo Alto, was due to a gall
17 bladder condition and that the VA Palo Alto staff had misdiagnosed his condition and failed to
18 properly and promptly treat Mr. Baca's gall bladder condition, leading to Mr. Baca's needless
19 pain and suffering over the ensuing years and the need for life-saving surgery in March 2005.
20         3. Legal Issues: *A brief statement without legal argument, of the disputed points of law,*
21 *including reference to specific statutes and decisions.* **Response:** None known of at this time.
22         4. Motions: *All prior and pending motions, their current status, and any anticipated*
23 *motions.* **Response:** None known of at this time.
24         5. *Amendment of pleadings: The extent to which parties, claims, or defenses are*
25 *expected to be added or dismissed and a proposed deadline for amending the pleadings.*
26 **Response:** None known of at this time.
27         6. Evidence preservation: *Steps taken to preserve evidence relevant to the issues*
28 *reasonably evident in this action, including interdiction of any document-destruction program*

1  *and any ongoing erasures of e-mails, voice mails and other electronically-recorded material.*
2  **Response:** Plaintiff has received a purported complete copy of all medical records.
3       7. Disclosures: *Whether there has been full and timely compliance with the initial*
4  *disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*
5  **Response:** No such disclosures have been made.
6       8. Discovery: *Discovery taken to date, if any, the scope of anticipated discovery, any*
7  *proposed limitations or modifications of the discovery rules, and a proposed discovery plan*
8  *pursuant to Fed R. Civ. P. 26(f).* **Response:** None taken to date.
9       9. Class Action: *If a class action, a proposal for how and when the class will be*
10 *certified.* **Response:** Not applicable.
11      10. Related cases: *Any related cases or proceedings pending before another judge of*
12 *this court, or before another court or administrative body.* **Response:** None known of.
13      11. Relief: *All relief sought through complaint including any damages sought and a*
14 *description of the bases on which damages are calculated. In addition, any party form whom*
15 *damages are sought must describe the bases on which it contends damages should be calculated*
16 *if liability is established.* **Response:** $10,000,000.00        Pain and suffering
17            400,000.00        Loss of earning capacity
18            500,000.00        Loss of home
19            500,000.00        Future medical care
20      12. Settlement and ADR: *Prospects for settlement, ADR efforts to date, and a specific*
21 *ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key*
22 *discovery or motions necessary to position the parties to negotiate a resolution.* **Response:** No
23 estimate is made at this time.
24      13. Consent to Magistrate Judge For All Purposes: *Whether all parties will consent to*
25 *have a magistrate judge conduct all further proceedings including trial and entry of judgment.*
26 **Response:** No consent is given at this time.
27      14. Other references: *Whether the case is suitable for reference to binding arbitration, a*
28 *special master, or the Judicial Panel on Multidistrict Litigation.* **Response:** Plaintiff believes
   that this case is not suitable for any special reference.

15. <u>Narrowing of Issues:</u> *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.* **Response:** None known of at this time.

16. <u>Expedited Schedule</u>: *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.* **Response:** This is a complex case that, most likely, will not benefit from any expedited procedures.

17. <u>Scheduling</u>: *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.* **Response:** Discovery throughout 2008; expert discovery in early, 2009 with trial in Summer 2009.

18. <u>Trial</u>: *Whether the case will be tried to a jury or to the court and the expected length of the trial.* **Response:** Plaintiff requests a jury trial with the expected length of trial being 15 to 20 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.* **In addition, each part must restate in the case management statement of the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.* **Response:** None has been filed at this time.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter. **Response:** None known of at this time.

DATED: 1/13/08

ROBINSON DI LANDO

_____
MICHAEL K. PAZDERNIK