JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MICHAEL BACA, | ) | Case No. C 07-04694 JW (PVT) |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S NOTICE OF MOTION |
| | ) | AND MOTION TO COMPEL |
| v. | ) | DISCOVERY RESPONSES; |
| | ) | CERTIFICATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Date: October 14, 2008 |
| Defendant. | ) | Time: 10:00 a.m. |
| | ) | Courtroom 5, 4th Floor |
| | ) | Hon. Patricia V. Trumbull |

   **PLEASE TAKE NOTICE** that defendant United States of America ("defendant" or

"USA"), will move this Court on Tuesday, October 14, 2008 at 10:00 a.m. in Courtroom 5, 4th

Floor of the Unites States Courthouse, 280 South First Street, San Jose, California, before the

Honorable Patricia V. Trumbull, Unites States Magistrate Judge, pursuant to Fed. R. Civ. P.

37(a) for an order compelling immediate service of responses to Defendant's First Set of

Requests for Production of Documents to Plaintiff, requested under Fed. R. Civ. P. 34.  This

motion is based on this notice, the accompanying memorandum of points and authorities, the

evidence supporting the motion, all matters of record filed with the Court, and such other

evidence as may be submitted.

//

**STATEMENT OF RELIEF SOUGHT**

Defendant USA moves pursuant to Fed. R. Civ. P. 37(a) for an order compelling plaintiff to immediately serve responses to Defendant's First Set of Requests for Production of Documents to Plaintiff, requested under Fed. R. Civ. P. 34.

**ISSUE TO BE DETERMINED**

Whether the immediate service of responses to Defendant's First Set of Requests for Production of Documents to Plaintiff, requested under Rule 34, should be compelled pursuant to Rule 37(a).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This motion arises out of plaintiff's failure to respond to defendant's requests for production of documents.  On June 27, 2008, defendant served on plaintiff's counsel discovery requests including requests for admissions and requests for production of documents.  Despite an extension and multiple attempts by defendant's counsel to obtain responses without Court involvement, defendant has not received the responses to the discovery requests as of the filing of this motion.  Therefore, defendant moves this Court pursuant to Rule 37(a) for an order compelling plaintiff to serve immediately responses to the document requests.

**II.    STATEMENT OF FACTS**

Plaintiff, Michael Baca, has alleged that medical care providers with the Department of Veterans Affairs ("VA") misdiagnosed him and otherwise fell below the standard of care in their treatment of him.  See Complaint (Docket #1).  On June 27, 2008, defendant served Defendant's First Set of Requests for Production of Documents to Plaintiff, as well as Federal Defendant's First Set of Requests for Admission.[1]  Responses to those discovery requests were due on July 30, 2008, pursuant to Fed. R. Civ. P. 34(b)(2)(A) and 36(a)(3), which allows 30 days for the responses to those discovery requests, as well as pursuant to Fed. R. Civ. P. 6(d), which extends the time to respond by three days when, as here, service is by mail.

---

[1] Unless otherwise noted, the factual assertions in this motion are supported by the Declaration of Claire T. Cormier, filed herewith.

1    During the week of July 21, 2008, plaintiff's counsel requested an extension of time to

2    respond to the discovery requests, which was granted.[2]  On August 8, 2008, plaintiff served

3    responses to the requests for admission, but no responses to the document requests.  On August

4    12, 2008, defendant's counsel e-mailed plaintiff's counsel, noted the absence of responses to the

5    document requests, and asked plaintiff's counsel to "respond immediately and advise when [she

6    could] expect responses to the document requests, and the responsive documents."  The e-mail

7    also stated a preference against having to file a motion to compel.  Plaintiff's counsel responded

8    to other issues in the email, but made no comment on the document requests.  However, he

9    indicated he would call defendant's counsel the next day.

10    On August 28, 2008, having received no telephone call from plaintiff's counsel[3] and

11    having still received no responses to the document requests, defendant's counsel again e-mailed

12    plaintiff's counsel.  Among other things, the e-mail stated:

13    Please provide the written responses to the document requests no later than
      Wednesday, September 3.  In addition, either provide the responsive documents
14    or, if they are voluminous, advise me that you will bring them with you on
      September 9. If I do not receive the written responses, I will proceed with a
15    motion to compel.

16    Defendant's counsel has received no response to that e-mail, nor any responses to the

17    document requests.

18    **III.    ARGUMENT**

19    Fed. R. Civ. P. 37 provides in pertinent part:

20    **(a) Motion for an Order Compelling Disclosure or Discovery.**

21    (1) In General. On notice to other parties and all affected persons, a party may
      move for an order compelling disclosure or discovery. The motion must include a
22    certification that the movant has in good faith conferred or attempted to confer

23    _____

24    [2] Defendant's counsel was away from the office that week, so she does not have notes of
      the exact date the extension was given or the exact length, but she believes the extension was to
25    and including August 8, 2008.  This is supported by the fact that plaintiff's responses to the
      requests for admission were served on that date.
26

27    [3] After plaintiff's counsel missed the Court-ordered ADR conference call on August 27,
      2008, defendant's counsel did receive a call from plaintiff's counsel's office scheduling a time to
28    review plaintiff's documents, but no call from plaintiff's counsel himself, and no information
      on the overdue discovery responses.

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) Specific Motions.
    . . .

    (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

      . . .

      (iii) a party fails to answer an interrogatory submitted under Rule 33; or

      (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

The requirements of Rule 37(a) for filing this motion have been met. Under subpart (a)(1), as well as Civil Local Rule 37-1(a), and as described in the Statement of Facts above, defendant's counsel has attempted to confer with plaintiff's counsel in an attempt to resolve this discovery issue without Court action, and defendant's counsel has so certified.  See Certification. Under subpart (a)(3)(B), this motion is appropriate because plaintiff has categorically failed to respond to  Defendant's First Set of Requests for Production of Documents to Plaintiff as requested under Rule 34.  Plaintiff's responses to those discovery requests are now overdue by over a month from the original due date under the Federal Rules of Civil Procedure of July 30, 2008 and are overdue by over three weeks from the extended due date of August 8, 2008, agreed to by the parties.

//

//

//

//

//

//

//

1

## IV.    CONCLUSION.

For the foregoing reasons, the Court should grant defendant's motion and order plaintiff to serve immediate responses to  Defendant's First Set of Requests for Production of Documents to Plaintiff.

Respectfully submitted,

DATED: September 5, 2008                    JOSEPH P. RUSSONIELLO
                                            United States Attorney


                                            /s/ Claire T. Cormier
                                            _____
                                            CLAIRE T. CORMIER
                                            Assistant United States Attorney

1

**CERTIFICATION**

2       I, Claire T. Cormier, attorney for defendant, hereby certify pursuant to Fed. R. Civ. P.

3  37(a)(1) that I have in good faith attempted to confer with plaintiff through his counsel, Mr.

4  Michael Pazdernik, in an effort to obtain a responses to Defendant's First Set of Requests for

5  Production of Documents to Plaintiff.  The details of the attempts at conferring are set forth in

6  the Declaration of Claire T. Cormier, filed concurrently with Defendant's Motion to Compel.

7       Executed under penalty of perjury on September 5, 2008, in San Jose, California.

8

9                         /s/

                           CLAIRE T. CORMIER

10                         Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28