JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BACA, | Case No. C 07-04694 JW (PVT) |
| Plaintiff, | DECLARATION OF CLAIRE T. CORMIER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES |
| v. | |
| UNITED STATES OF AMERICA, | Date: October 14, 2008 |
| Defendant. | Time: 10:00 a.m. |
| | Courtroom 5, 4th Floor |
| | Hon. Patricia V. Trumbull |

I, Claire T. Cormier, declare as follows:

1. I am an attorney in good standing with the bar of this Court. I represent defendant United States of America in this action. This declaration is made in support of defendant's Motion to Compel Discovery Responses, filed herewith.

2. Unless expressly stated otherwise, the matters stated in this declaration are true of my own knowledge and, if necessary, I could and would competently testify to them.

3. Attached hereto as Exhibit A is a true and correct copy (except "/s/" signature notations have been added in place of original signatures) of Defendant's First Set of Requests for Production of Documents to Plaintiff, which was served on June 27, 2008, as certified in the Certificate of Service. On the same date, my office served a set of requests for admissions.

Case No. C 07-04694 JW (PVT)
Cormier Decl. re Motion to Compel       -1-

4. During the week of July 21, 2008, I was out of the office at the National Advocacy Center in Columbia, South Carolina. During that week, I received a message that plaintiff's counsel was requesting an extension of time to respond to the discovery requests. I granted that request. I do not have any notes indicating the length of the extension, but I believe it was to and including August 8, 2008. I received no written confirmation of the extension from plaintiff's counsel.

5. On or about August 11, 2008, I received a copy of plaintiff's responses to the requests for admission, but no responses to the document requests. The service date on the responses was August 8, 2008. The responses to the requests for admissions were complete denials of each and ever request. On August 12, 2008, I e-mailed plaintiff's counsel, noted the absence of responses to the document requests, and asked plaintiff's counsel to "respond immediately and advise when I can expect responses to the document requests, and the responsive documents." My e-mail also stated a preference against having to file a motion to compel. That same day, I received a short e-mail from plaintiff's counsel responding to other issues in the email, but it made no comment on the document requests. However, he indicated he would call me the next day. I received no telephone call from him the next day or at any time since then.

6. This case was scheduled for an ADR conference call on August 27, 2008. I was informed by the Court mediator that plaintiff's counsel was not in his office when the mediator attempted to call him. Later that day, I received a telephone call from plaintiff's counsel's office asking to set up a date when plaintiff's counsel could come to my office to review plaintiff's medical records. We scheduled that meeting for September 9, 2008. Months before, plaintiff's counsel had stated a desire to review the records but did not make any arrangements to do so.

7. By August 28, 2008, I still had not received a telephone call from plaintiff's counsel, and I still had received no responses to the document requests. Accordingly I sent another e-mail to plaintiff's counsel. Among other things, the e-mail stated:

> Please provide the written responses to the document requests no later than Wednesday, September 3. In addition, either provide the responsive documents or, if they are voluminous, advise me that you will bring them with you on September 9. If I do not receive the written responses, I will proceed with a motion to compel.

8. As of this writing, I have not received any response to that e-mail, nor any responses to the document requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2008, at San Jose, California.

/s/ Claire T. Cormier
--------------------------------
Claire T. Cormier

Exhibit A

JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL BACA,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case No. C 07-04694 JW<br><br>DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF |

PROPOUNDING PARTY:   Defendant, United States of America

RESPONDING PARTY:   Plaintiff, Michael Baca

SET NUMBER:   ONE (1)

   TO PLAINTIFF, MICHAEL BACA, AND HIS COUNSEL OF RECORD:

   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are hereby required to respond to each of the following document requests in writing, and to produce non-privileged responsive documents within 30 days.

   This request for production of documents is not meant to supplant the ongoing obligations of Federal Rule of Civil Procedure 26 to provide initial and supplemental disclosures.

# DEFINITIONS

1. "**Document**" means the original and all copies, including all non-identical copies (i.e., copies with marginal notes, deletions, etc.) known or available to you, of all written, recorded, or graphic materials in Plaintiff's possession, custody, knowledge, or control, however produced or reproduced, including, but not limited to, papers, statements, letters, articles, newspaper articles, publications of all types, telegrams, correspondence, communications, notes, memoranda, records, minutes, agreements, contracts, tax records, employment records, education records, insurance records and policy contracts, logs or notations of telephone or personal conversations or conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, diaries, notices, books, material sent or received by facsimile or telefax, teletype messages, calendars, worksheets, cards, personal notes, reports, statements, videotapes, results of laboratory tests, doctors' notes, nurses' notes, prescriptions, studies, photographs, graphs, charts, tabulations, analyses, summaries, data sheets, statistical or informational accumulations, computer generated material, tape recordings, and x-rays.

2. "**You**," "**your**," "**plaintiff**," and "**plaintiff's**" shall mean Michael Baca and all representatives, agents, and attorneys of Michael Baca.

3. As used herein "**this action**" means the case filed in the United States District Court for the Northern District of California, designated as Case No. C 07-04694 JW and entitled *Baca v. United States of America.*

4. As used herein, "**persons**" or "**person**" means, without limitation, individuals, corporations, partnerships, limited partnerships, unincorporated associations and all other persons acting or purporting to act for or on its behalf.

5. As used herein, "**health care**" means the diagnosis, treatment, healing or alleviation in any manner and to any degree of any physical or mental injury, ailment or other condition of any kind, or any symptoms or effect thereof.

6. As used herein, "**health care provider**" means any person who is a medical doctor, doctor of osteopathy, dentist, chiropractor, acupuncturist, physical therapist, psychiatrist, psychologist, counselor, or other person who provides or assists, or claims to provide or assist, in

1   the provision of health care to anyone (regardless of whether such person is or is not required to
2   be licensed by any public or private entity or association), or any hospital, clinic or other
3   establishment or entity where or for whom any such person provides health care to anyone.
4       7.   **"Defendant"** refers to the Department of Veterans Affairs ("VA") and health care
5   providers employed by the VA.

## INSTRUCTIONS

7       1.   In responding to these requests for production of documents, type each request
8   prior to stating your response to the request.
9       2.   You should produce all documents responsive to this discovery request in the
10  possession, custody, or control of you, your agents, your insurance companies, your counsel, and
11  any other person acting on your behalf. You should produce all documents over which you have
12  control even though the documents are not in your possession or custody.
13      3.   This request to produce documents is made pursuant to Federal Rules of Civil
14  Procedure, Rule 34. Accordingly, you are required to provide supplemental responses whenever
15  you, your attorneys, agents or representatives acquire additional information subsequent to your
16  original answers.
17      4.   In the event you object to any particular request, pursuant to Fed. R. Civ. P. 34(b)
18  and Civil L.R. 34-1 you must state the reasons for any such objection. In the event you claim that
19  any document requested need not be produced as a result of any claim of privilege, you must
20  specifically identify the document for which such claim of privilege is made, must state the
21  ground(s) for such claim of privilege.
22      5.   Pursuant to Rule 34(b), all documents and other things produced in response to
23  this request for production must be produced either as they are kept in the usual course of
24  business, or organized and labeled to correspond with the categories described in the particular
25  numbered requests set forth below.
26      6.   If you cannot produce a document or thing, state the reason or reasons the
27  document or thing cannot be produced.
28

**Particular Requests for Documents**
**And Other Things To Be Produced**

REQUEST NO. 1:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that defendant diagnosed plaintiff with cancer.

REQUEST NO. 2:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that defendant diagnosed plaintiff with lymphoma.

REQUEST NO. 3:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that defendant informed plaintiff that he had a terminal prognosis or condition.

REQUEST NO. 4:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that defendant did not properly diagnose or treat plaintiff's gallbladder condition.

REQUEST NO. 5:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that defendant did not properly diagnose or treat plaintiff's abdominal condition.

REQUEST NO. 6:

All medical records, charts, x-rays, bills, and other documents evidencing or pertaining to your allegation that plaintiff suffered physical and mental injury due to defendant's negligent medical care.

REQUEST NO. 7:

All reports and other documents prepared by any health care provider pertaining to or containing any prognosis or opinion of any kind regarding the present status of any injury, ailment or condition which you contend is a proximate result of the defendant's alleged negligent care.

//
//

REQUEST NO. 8:

All reports and other documents prepared by any health care provider pertaining to or containing any prognosis or opinion of any kind regarding the likely future status and/or likelihood of recovery or need for treatment in relation to or as a result of any injury, ailment or condition which you contend is a proximate result of defendant's alleged negligent care.

REQUEST NO. 9:

All documents and things that you intend to offer into evidence at trial or use as demonstrative evidence at trial in support of your claim in this action, including, but not limited to, all photographs, graphics, films, videotapes, models, or other visual aids, whether demonstrative or evidentiary.

REQUEST NO. 11:

All documents not produced in response to any other particular request set forth herein, which contain any information pertaining to the defendant's alleged negligent care.

DATED: June 27, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Claire T. Cormier

CLAIRE T. CORMIER
Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **PERSONAL SERVICE (BY MESSENGER)**

___ **FACSIMILE (FAX)** Telephone No.: (916) 386-0687

to the party addressed as follows:

Michael K. Pazdernik
Robinson Di Lando
7801 Folsom Boulevard, Suite 325
Sacramento, CA 95826

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2008, at San Jose, California

/s/ Mimi Lam